## LOAN REPAYMENT AND SECURITY AGREEMENT (Page 1 of 3)

Redacted

**LENDER (called "We", "Us", "Our")**
BENEFICIAL OHIO INC.
8050 MONTGOMERY RD
CINCINNATI OH 45236

Exhibit A

**BORROWERS (called "You", "Your")**     LOAN NO:    Redacted
MCAFEE   SHERRI
SS# Redacted
7063 LAKOTA RIDGE
HAMILTON OH 45011

| DATE OF LOAN | FIRST PAYMENT DUE DATE | OTHERS | SCHEDULED MATURITY DATE | | CONTRACT RATE (per year) |
|---|---|---|---|---|---|
| 01/09/2002 | 02/09/2002 | SAME DAY OF EACH MONTH | 01/09/2032 | | 11.244 % |
| AMOUNT FINANCED | | PRINCIPAL | | | OFFICIAL FEES |
| $ 66,952.49 | | $ 66,952.49 | | | |
| | | POINTS AND ORGINATION CHARGES | | | |
| | | $ .00 | | | $ .00 |
| LIFE INS PREMIUM | DISABILITY INS PREMIUM | | | | |
| $ NONE | $ NONE | | | | |
| DWELLING INS PREMIUM | | | | | |
| $ NONE | | | | | |
| | JOINT DECREASING LIFE | DISABILITY (Primary Insured Debtor only) | JOINT DISABILITY | FUTURE | |
| | NO | NO | NO | .00 | |
| FIRST INSTALLMENT | MONTHLY INSTALLMENT | | | TERM PERIOD | |
| $ 649.98 | $ 649.98 | | | 360 | |

YOU ARE GIVING US A SECURITY INTEREST IN THE REAL ESTATE LOCATED AT:

6620 HIGHLAND AVE, CINCINNATI OH 45236

| | REQUIRED INSURANCE. You must obtain insurance for term of loan covering security for this loan as indicated by the word "YES" below, naming us as Loss Payee: |
|---|---|
| YES | Title insurance on real estate security. |
| YES | Hazard Insurance on real estate security. |
| | Physical damage insurance on vehicle listed under "Security" above if "Y" appears under "Insured". |
| | Physical damage insurance on other property listed under "Security" above if "Y" appears under "Insured". |
| | You may obtain any required insurance from anyone you choose and may assign any other policy of insurance you own to cover the security for this loan. |
| | (See "Security" paragraph above for description of security to be insured.) |

NOTICE: THE FOLLOWING PAGES CONTAIN ADDITIONAL CONTRACT TERMS.

11-01-01
W/O PPP
1ST MTG

Redacted

OHB65401

## LOAN REPAYMENT AND SECURITY AGREEMENT (Page 2 of 3)

PAYMENT. In return for this loan, you agree to pay Lender the Principal [Amount Financed and Points and Origination Charges (all shown on page one)] plus Interest and any monthly insurance premium, if elected, in monthly payments as stated on page one, computed by the simple interest method on the unpaid balances of Principal at the Contract Rate (shown on page one), until fully paid. The Principal is fully earned when this loan is made. Payments are generally applied in the following order: late charges, interest at the Contract Rate for the actual time outstanding, principal, and insurance. For any past due amounts, payments will be applied to the most delinquent monthly installment first, in the same order shown above, until all past due monthly installments are paid in full. Unpaid late charges and interest will not be added to Principal. You will pay at our business address as stated on page one or other address given you. If more than one Borrower is named on page one, we may enforce this Agreement against all, or any Borrowers, but not in a combined amount great than the amount owed.

ADJUSTMENT TO CONTRACT RATE. The Contract Rate, as shown on page one, will decrease by one half of one percent (.50%) at the end of the 3rd year (36th month), the 4th year (48th month) and the 5th year (60th month) (collectively the "Rate Reduction"), if all payments are made within 30 days of their due date, and you have not filed a petition under the U.S. Bankruptcy Code during the months preceding the Rate Reduction. The Rate Reduction will take effect no later than the first payment due date following the 36th, 48th, and 60th month anniversary dates from the date of the contract. Even if the rate is decreased, the monthly payment will not be adjusted, thus the total loan amount will be paid in full sooner than the final payment due date shown on page one, assuming all payments are made on their due date. Notwithstanding anything to the contrary in this paragraph, if, before any Rate Reduction, any payment is made more than 30 days after the due date, or you have filed a petition under the U.S. Bankruptcy Code, you will not receive the Rate Reduction following such event.

DATE ON WHICH INTEREST BEGINS. If you do not cancel this loan, the date on which Interest begins, payment due dates, and effective date of insurance purchased are postponed by the number of days from this contract's date to date you receive this loan.

PAY-OUTS. You agree to pay-outs of Amount Financed as shown on Truth-In-Lending disclosure form. If pay-outs change because loan closing is delayed, (a) you shall pay additional amounts due at closing, or (b) your cash or check will be reduced to cover additional pay-outs.

PREPAYMENT. You may prepay your loan at any time. If you fully prepay before the final due date, the Principal is fully earned when this loan is made, and you will not receive a refund of the part of the Finance Charge consisting of points.

LATE CHARGE. If you don't pay any payment in full in 10 days after it's due, you will also pay a late charge equal to the greater of $15.00 or 5% of the Monthly Installment.

BAD CHECK CHARGE. If you give us a check that is returned unpaid, you will pay a bad check charge of $20.

DEFAULT. If you don't pay or fail to keep any required insurance in force, or for any default as provided in the Mortgage, all your payments may become due at once and, without notifying you before bringing suit, we may sue you for the total amount you owe. You will also pay any costs that we incur to collect this debt or realize on any security, which are included in any judgment against you. You will pay simple interest at the Contract Rate shown on page one on the unpaid balance of any judgment in our favor.

SECURITY. You agree to give us a security interest in the real estate as described in the Mortgage/Deed of Trust.

PROPERTY INSURANCE:

A. YOUR OBLIGATION TO INSURE. You shall keep the structures located on the real property securing this loan insured against damage caused by fire and other physical hazards, name us as a loss payee and deliver to us a loss payable endorsement. If insurance covering the real property is cancelled or expires while the loan is outstanding and you do not reinstate the coverage, we may obtain, at our option, hazard insurance coverage protecting our interest in the real property as outlined below.

B. LENDER'S RIGHT TO PLACE HAZARD INSURANCE. You authorize us, at our option, to obtain coverage on the Property in an amount not greater than the outstanding balance of principal and interest on the loan or, if known to be less, the replacement value of the Property, in the event that you fail to maintain the required hazard insurance outlined above or fail to provide adequate proof of its existence. You authorize us to charge you for the costs of this insurance and add the insurance charges to your loan. The Insurance charges will be added to the unpaid balance of the loan which accrues

NOTICE:   THE FOLLOWING PAGE CONTAINS ADDITIONAL CONTRACT TERMS.

11-01-01
W/O PPP
1ST MTG

OHB65402



## LOAN REPAYMENT AND SECURITY AGREEMENT (Page 3 of 3)

interest at the Contract Rate. The addition of the insurance charges due might increase the amount of your final installment. The cost of Lender placed hazard insurance might be higher than the cost of standard insurance protecting the property. The Lender placed insurance will not insure the contents of the property or provide liability coverage. The insurance might not be the lowest cost coverage of its type available and you agree that we have no obligation to obtain the lowest cost coverage. We or an affiliated company might receive some benefit (i.e. commission, service fee, expense reimbursement) from the placement of this insurance and you will be charged for the full cost of the premium without reduction for any such benefit. If at any time after we have obtained this insurance, you provide adequate proof that you have subsequently purchased the required coverage, we will cancel the coverage we obtained and credit any unearned premiums to your loan.

CREDIT REPORTING AND CUSTOMER INFORMATION PRACTICES. If you fail to fulfill the terms of your credit obligation, a negative report reflecting on your credit record may be submitted to a Credit Reporting Agency. You agree that the Department of Motor Vehicles (or your state's equivalent of such department) may release your residence address to us, should it become necessary to locate you. You agree that our supervisory personnel may listen to telephone calls between you and our representatives in order to evaluate the quality of our service to you. For more information regarding our privacy practices, please refer to our Privacy Statement, which is included with your loan documents.

ALTERNATIVE DISPUTE RESOLUTION AND OTHER RIDERS. The terms of the Arbitration Agreement and any other Riders signed as part of this loan transaction are incorporated into this Agreement by reference.

APPLICABLE LAW. This loan is made under the terms and conditions governed by Section 1735f-7a, Title 12, United States Code (USC).

INSURANCE. Optional credit insurance and any required insurance disclosures are attached to this Agreement and are incorporated herein by reference.

YOU HAVE RECEIVED A COMPLETE COPY OF THIS AGREEMENT AND THE TRUTH-IN-LENDING DISCLOSURES.

BORROWERS:

_____ (SEAL)

_____ (SEAL)

_____ (SEAL)

WITNESS: _____

11-01-01
W/O PPP
1ST MTG

OHB65403

Redacted

## ENDORSEMENT ALLONGE TO NOTE

Loan Number: Redacted

Name: SHERRI MCAFEE-PRICE
Property Address: 7063 LAKOTA RIDGE
HAMILTON, OH 45011
Loan Date: 01/14/2002
Loan Amount: 66952.49

Pay to the order of:

Without recourse.

Beneficial Ohio Inc.

*Loretta Abrams*

Loretta Abrams
Vice President

Exhibit B

Redacted

③
S-70

COMMON PLEAS COURT

HAMILTON COUNTY, OHIO

In the matter of Registered
Certificate of Title No. 81792
issued July 27, 1972
to Ruby Geraldine Bivens
Deceased

CAUSE NO. 890134

ORDER FOR CERTIFICATE TO GRANTEE UNDER POWER OF SALE

It appearing to the Court that all necessary and proper parties to a complete determination of this cause have been made and properly brought before the Court, the Court does now upon the evidence find that the allegations of the application are true and that by the consents of the heirs of Ruby Geraldine Bivens, also known as Ruby Jeraldine Bivens, deceased her said fiduciary is authorized and empowered to sell and convey by deed in fee simple the lands described in the application; and it further appearing to the Court that said fiducuary has under said power sold said lands and executed and delivered to said Sherrie McAfee a deed in fee simple therefore, it is ordered that the Recorder of Hamilton County, Ohio, be and he is hereby directed to make registration of title in fee simple to said lands in the name of Sherrie McAfee, unmarried, whose address is 6620 Highland Avenue, Cincinnati, Ohio 45236 and to issue to her a proper certificate of title therefor.

Vernon W. McDaniel A True Copy.
Examiner of Titles
Attest

HAMILTON COUNTY RECORDERS OFFICE
REGISTERED LAND
DOC # 89-86092 TYPE DEED
FILED: 07/13/89 @ 01:52:21PM $ 30.00
REC: 5047 0192 R S 70

Redacted

5047 PG 192

Clerk of the Common Pleas Court,
Hamilton County, Ohio,
_____ Deputy

Registered Land

REGISTERED LAND

589786

# FIDUCIARY DEED

Forrest Robert Bivens, administrator of the estate of Ruby Jeraldine Bivens (also known as Ruby Geraldine Bivens), deceased, by the power conferred by Consent to Power to Sell Real Estate, and every other power, for good and valuable consideration, grants with fiduciary covenants, to SHERRIE McAFEE, unmarried and whose address is 6620 Highland Avenue, Cincinnati, Ohio 45236, the following described real estate:

(See Exhibit "A" hereto attached.)

IN WITNESS WHEREOF, I have subscribed my signature this 30th day of June, 1989.

WITNESS:

Joseph Harvey Whalen

_____
Forrest Robert Bivens,
Administrator

Examined & Compliance with
Sec. 319.202 R.C.

STATE OF OHIO
COUNTY OF HAMILTON      ss   89-59260

JOS. L. DE COURCY, JR., AUDITOR
HAMILTON COUNTY, OHIO
TAX  47.00      ,50—

Before me a notary public in and for said state, personally came Forrest Robert Bivens, administrator, the grantor in the foregoing deed, and acknowledged the signing thereof to be his voluntary act and deed.

In Testimony Whereof, I have hereunto subscribed my name and affixed my notarial seal on the date above.

_____
NOTARY PUBLIC, State of Ohio

Examined & Compliance with
Sec. 322.02 R.C. This instrument prepared by VERNON W. McDANIEL
Real Property Transfer Tax

70.50

JOSEPH L. DE COURCY, JR., AUDITOR
HAMILTON COUNTY, OHIO

5047 PG 193

1

EXHIBIT "A"

The following described real estate, situate in the Village of Silverton, County of Hamilton and State of Ohio, and in Section 24, Town 4, Fractional Range 2, Miami Purchase and being more particularly described as follows:

Beginning at a point in the east line of Highland Avenue, 370.8 feet south of the southeast corner of Highland Avenue and Oak Street; thence eastwardly and parallel with Oak Street 150 feet to a point; thence southwardly and parallel with Highland Avenue 40 feet to a point; thence westwardly and parallel with Oak Street a distance of 150 feet to a point in the east line of Highland Avenue; thence northwardly on the east line of Highland Avenue 40 feet to the point of beginning.

The property herein described shall be subject to the following restrictions, to-wit:

The garage, if built, shall be built only in the basement of the house and no outbuilding of any nature may be built upon the premises unless the design, material and location of same shall have been first submitted and approved by Roy Hilberg Company.

This property is not to be sold, leased or in any manner tenanted or occupied by any person or persons other than those of the Caucasian or white race.

Also a right of way for ingress and egress of automobiles over a 10 foot front by 150 foot depth strip of land facing Highland Avenue, said strip adjoining just north of the property described herein; reserving, however, to the said Clifford C. Hilberg, his heirs and assigns, the right at any time to convey said strip or tract of land over which said right of way is granted to the proper public authority for street purposes and then at that time this easement is to become null and void.

Being the same premises described in Certificate of Title No. 81792 of the Registered Land Records of Hamilton County, Ohio.

*The restrictions contained herein should not be carried forward to the face of the certificate but entered as a memorial on the new certificate referring to this Official Record Book and page as the source.*

*[signature]*
*Examiner*

5047 PG 194

**MORTGAGE**

Exhibit C

THIS MORTGAGE is made this 9TH day of JANUARY 20 02, between the Mortgagor, SHERRIE PRICE, A.K.A. SHERRIE MCAFEE and Sylvester L. Price, wife and husband WIFE AND HUSBAND whose address is 6620 HIGHLAND AVE, CINCINNATI, OH 45236 (herein "Borrower"), and Mortgagee BENEFICIAL OHIO INC. a corporation organized and existing under the laws of DELAWARE whose address is 8050 MONTGOMERY RD, CINCINNATI, OH 46236 (herein "Lender").

WHEREAS, Borrower is indebted to Lender in the principal sum of $ 66,862.49, evidenced by Borrower's Loan Agreement dated JANUARY 9, 2002 and any extensions any and renewals thereof (including those pursuant to any Renegotiable Rate Agreement) (herein "Note"), providing for monthly installments of principal and interest, including any adjustments to the amount of payments of the contract rate if that rate is variable, with the balance of the indebtedness, if not sooner paid, due and payable on JANUARY 9, 2032;

TO SECURE to Lender the repayment of (1) the indebtedness evidenced by the Note, with interest thereon, including any increases if the contract rate is variable; (2) future advances under any Revolving Loan Agreement; (3) the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Mortgage; and (4) the performance of the covenants and agreements of Borrower herein contained, Borrower does hereby mortgage, grant and convey to Lender and Lender's successors and assigns the following described property located in the County of HAMILTON, State of Ohio:

THE FOLLOWING DESCRIBED REAL ESTATE, SITUATE IN THE VILLAGE OF SILVERTON, COUNTY OF HAMILTON AND STATE OF OHIO, AND IN SECTION 24, TOWN 4, FRACTIONAL RANGE 2, MIAMI PURCHASE AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE EAST LINE OF HIGHLAND AVENUE, 370.8 FEET SOUTH OF THE SOUTHEAST CORNER OF HIGHLAND AVENUE AND OAK STREET; THENCE EASTWARDLY AND PARALLEL WITH OAK STREET 150 FEET TO A POINT; THENCE SOUTHWARDLY AND PARALLEL WITH OAK STREET A DISTANCE OF 150 FEET TO A POINT IN THE EAST LINE OF HIGHLAND AVENUE; THENCE NORTHWARDLY ON THE EAST LINE OF HIGHLAND AVENUE 40 FEET TO THE POINT OF BEGINNING.

CERTIFICATE NUMBER: 143254. TAX MAP OR PARCEL ID NO.: 602-2-384

REBECCA PREM GROPPE
HAMILTON COUNTY RECORDER
Doc #: 2 - 6844  Type: MT
Filed:01/10/2002 3:03:27 PM  $ 36.00
Off.Rec.: 8794 1258  R    5
Cert No.: 143254

8794  1258

07-30-01 MTG                                OHB01251

-2-

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents, all of which shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property (or the leasehold estate if this Mortgage is on a leasehold) are hereinafter referred to as the "Property."

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject only to encumbrances of record.

COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note, including any variations resulting from changes in the Contract Rate, and late charges as provided in the Note.

2. **Funds for Taxes and Insurance.** Subject to applicable law and only if requested in writing by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Mortgage and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Mortgage that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Mortgage.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Mortgage, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 16 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Mortgage.

3. **Application of Payments.** Unless applicable law or the note provide otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, if any, then to interest payable at the applicable Contract Rate, and then to the principal of the Note and any other amounts payable under the Note.

4. **Prior Mortgages and Deed of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any.

5. **Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by the Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Mortgage.

6. **Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

7. **Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Mortgage, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

8794  1259

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the applicable Contract Rate, shall become additional indebtedness of Borrower secured by this Mortgage. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

8. **Inspection.** Lender may take or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

9. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

10. **Borrower Not Released; Forbearance By Lender Not a Waiver; Remedies Cumulative.** Extension of the time for payment or modification of amortization of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower and all other parties who are or hereafter become secondarily liable shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy. All remedies provided in this Mortgage are distinct and cumulative to any other right or remedy under this Mortgage, the Note, or afforded by law or equity, and may be exercised concurrently, independently, or successively.

11. **Successors and Assigns Bound; Joint and Several Liability; Co-signers; Captions.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 15 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Mortgage, but does not execute the Note, (a) is co-signing this Mortgage only to mortgage, grant and convey that Borrower's interest in the Property to Lender under the terms of this Mortgage, (b) is not personally liable on the Note or under this Mortgage, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Mortgage or the Note without that Borrower's consent and without releasing that Borrower or modifying this Mortgage as to that Borrower's interest in the Property. The captions and headings of the paragraphs of this Mortgage are for convenience only and are not to be used to interpret or define the provisions hereof.

12. **Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Mortgage shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

13. **Governing Law; Severability.** The applicable law contained in the note shall control. Where no applicable law is contained therein, the state and local laws of the jurisdiction in which the Property is located shall apply except where such laws conflict with Federal law; in which case, Federal law applies. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Mortgage and the Note are declared to be severable. As used herein, "costs" and "expenses" include all sums to the extent not prohibited by applicable law or limited herein.

14. **Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

15. **Transfer of the Property.** If Borrower sells or transfers all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Mortgage, (b) a transfer by devise, descent, or by operation of law upon the death of a joint tenant or tenant by the entirety's, (c) the grant of any leasehold interest of three years or less not containing an option to purchase, (d) the creation of a purchase money security interest for household appliances, (e) a transfer to a relative resulting from the death of a Borrower, (f) a transfer where the spouse or children of the Borrower become an owner of the property, (g) a transfer resulting from a decree of dissolution of marriage, legal separation agreement, or from an incidental property settlement agreement, by which the spouse of the Borrower becomes an owner of the property; (h) a transfer into an inter vivos trust in which the Borrower is and remains a beneficiary and which does not relate to a transfer of rights of occupancy in the property; or (i) any other transfer or disposition described in regulations prescribed by the Federal Home Loan Bank Board, or successor agency which prohibits or restricts the exercise of a due-on-sale clause, Lender may, at its sole option, declare all of the sums secured by this Mortgage to be immediately due and payable. If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration, which shall provide a period of not less than 30 days from the date the notice is mailed or delivered within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, accelerate and invoke any remedies permitted hereunder. Lender may consider, at its sole option, permitting an assumption of the Note and this Mortgage. Upon Lender's request, Borrower shall cause to be submitted information required by Lender to evaluate the transferee as if a new loan were being made to the transferee. Borrower will continue to be obligated under the Note and this Mortgage unless Lender releases Borrower in writing.

16. **Acceleration; Remedies.** Except as otherwise required by law, upon Borrower's breach of any covenant or agreement of Borrower in this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage, foreclosure by judicial proceeding, and sale of the Property. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may foreclose this Mortgage by judicial proceeding. Lender shall be entitled to collect in such proceeding all expenses of foreclosure, including, but not limited to, court costs and costs of documentary evidence, abstracts and title reports.

07-30-01 MTG   Redacted Redacted   OHB01253

8794   1260

-4-

17. **Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Mortgage due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued at any time prior to entry of a judgment enforcing this Mortgage if: (a) Borrower pays Lender all sums which would be then due under this Mortgage and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Mortgage; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Mortgage, and in enforcing Lender's remedies as provided in paragraph 16 hereof; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Mortgage shall continue unimpaired. Upon such payment and cure by Borrower, this Mortgage and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

18. **Assignment of Rents; Appointment of Receiver.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 16 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.
Upon acceleration under paragraph 16 hereof or abandonment of the Property, Lender shall be entitled to have a receiver appointed by a court to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and then to the sums secured by this Mortgage. The receiver shall be liable to account only for those rents actually received, less costs disbursed, if not prohibited by law.

19. **Release.** Upon payment of all sums secured by this Mortgage, Lender shall discharge this Mortgage.

20. **Dower; Homestead; Exemptions.** Borrowers each release and waive all dower, curtesy, homestead, and other exemption rights contained in the statutes and laws of the State of Ohio.

21. **Advances to Protect Security.** Disbursements made by Lender pursuant to paragraph 7 hereof, such as those for the payment of taxes, assessments, insurance premiums or costs incurred for the protection of the Property, shall be advances made pursuant to Section 5301.233 of the Ohio Code.

22. **Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and this Mortgage, if requested, at the time of execution or after recordation.

23. **Arbitration Rider to Note.** The Arbitration Rider attached to and made a part of the Note is hereby incorporated by reference and made a part of this Mortgage.

REQUEST FOR NOTICE OF DEFAULT
AND FORECLOSURE UNDER SUPERIOR
MORTGAGES OR DEEDS OF TRUST

Borrower and lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Mortgage to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Mortgage.

Witnesses:

Greg Hill

_Sherrie Price A.K.A._
_Sherrie McAfee_ -Borrower

Jay Summerlin

_Sylvester L. Price_ -Borrower

STATE OF OHIO, ___Hamilton___ County ss:

On this __9th__ day of __January__, 20 _02_, before me, a Notary Public in and for said County and State personally appeared __Sherrie Price, A/K.A. Sherrie McAfee and Sylvester L. Price,__ ____wife and husband____ the individual(s) who executed the foregoing instrument and acknowledged that __t he y__ did examine and read the same and did sign the foregoing instrument, and the same is ____their____ free act and deed.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

(SEAL)

My Commission expires:

JOHN SUMMERLIN
Notary Public, State of Ohio
My Commission Expires Nov. 26, 2006

This instrument was prepared by Lender.

The conditions of this mortgage have been complied with, and the same is hereby satisfied and discharged.

Beneficial Ohio Inc. d/b/a Beneficial
Mortgage Co. of Ohio

_____ by

8794   1261

07-30-01 MTG                                                                                                                OHB01254

Redacted

## RELEASE

THE CONDITIONS of the within mortgage having been complied with, the undersigned hereby cancels and releases the same this _____ day of _____, 20 _____.

_____

_____
(Space Below This Line Reserved For Lender and Recorder)

Return To:
Records Processing Services
577 Lamont Road
Elmhurst, IL 60126

07-30-01 MTG                                                                                     DHB01255

8794  1262

Redacted

13530  01484

Norbert A Nadel
Hamilton County Recorder's Office
Doc #: 17-0097609  Type: AM
Filed: 10/24/17 01:06:25 PM  $28.00
Off. Rec.: 13530  01484  F  2  405

b1353001484Fb

Exhibit D

_Space above for Recorder's use_

## ASSIGNMENT OF MORTGAGE

**RedactedRedacted**

FOR VALUE RECEIVED, BENEFICIAL FINANCIAL I INC., SUCCESSOR BY MERGER TO BENEFICIAL OHIO INC., 636 GRAND REGENCY BLVD, BRANDON, FL 33510-0000, hereby assign and transfer to U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF10 MASTER PARTICIPATION TRUST, 13801 WIRELESS WAY, OKLAHOMA CITY, OK 73134-0000, all its right, title and interest in and to said Mortgage in the amount of $66,952.49, recorded in the State of OHIO, County of HAMILTON-REGISTERED LAND DIV. Official Records, dated JANUARY 09, 2002 and recorded on JANUARY 10, 2002, as Instrument No. 2-6844, in VOLUME: 8794, at Page No. 1258.
Executed by: SHERRIE PRICE AKA SHERRIE MCAFEE AND SYLVESTER L PRICE, WIFE AND HUSBAND (Original Mortgagor).
Original Mortgagee: BENEFICIAL OHIO INC.. Legal Description: See Attached Exhibit.

Date: OCTOBER 23, 2017
BENEFICIAL FINANCIAL I INC., SUCCESSOR BY MERGER TO BENEFICIAL OHIO INC., BY CALIBER HOME LOANS, INC., AS ATTORNEY IN FACT
Power of Attorney Recorded on 10/18/17 As Instrument # 201710180144920 In the county of FRANKLIN.

By: _____
Kendra Cook, Vice President

State of   OKLAHOMA      }
County of  OKLAHOMA      } ss.

On OCTOBER 23, 2017, before me, Amber Marcha, a Notary Public, personally appeared Kendra Cook, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
Witness my hand and official seal.

_Amber Marcha_
(Notary Name): Amber Marcha
My commission expires: 03/02/2020

PREPARED BY: Caliber Home Loans, Inc., 13801 Wireless Way
Oklahoma City, OK 73134  WHITNEY A STRINGER

Recording Requested By: FIRST AMERICAN MORTGAGE SOLUTIONS

And When Recorded Mail To: FIRST AMERICAN MORTGAGE SOLUTIONS, 4000 W. Metropolitan Dr., Suite# 400
    Orange, CA 92868

THE FOLLOWING DESCRIBED REAL ESTATE, SITUATE IN THE VILLAGE OF SILVERTON, COUNTY OF HAMILTON AND STATE OF OHIO, AND IN SECTION 24, TOWN 4, FRACTIONAL RANGE 2, MIAMI PURCHASE AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE EAST LINE OF HIGHLAND AVENUE, 370.8 FEET SOUTH OF THE SOUTHEAST CORNER OF HIGHLAND AVENUE AND OAK STREET; THENCE EASTWARDLY AND PARALLEL WITH OAK STREET 150 FEET TO A POINT; THENCE SOUTHWARDLY AND PARALLEL WITH OAK STREET A DISTANCE OF 150 FEET TO A POINT IN THE EAST LINE OF HIGHLAND AVENUE; THENCE NORTHWARDLY ON THE EAST LINE OF HIGHLAND AVENUE 40 FEET TO THE POINT OF BEGINNING.

CERTIFICATE NUMBER: 143264.  TAX MAP OR PARCEL ID NO.: 602-2-384

# COUNTY AUDITOR ON-LINE
Hamilton County Auditor Dusty Rhodes
138 East Court St., Cincinnati, Ohio 45202 - (513)946-4000 - dusty.rhodes@fuse.net

Online Property Access    |< First << Prev Next >> Last >|    RETURN TO SEARCH LIST    Property 1 of 1

| Parcel ID | Address | Index Order | Tax Year |
|---|---|---|---|
| 602-0002-0384-00 | 6620 HIGHLAND AVE | Parcel Number | 2016 Payable 2017 |

## Property Information

| | | |
|---|---|---|
| **Tax District** | 015 - SILVERTON-CINTI CSD | **Images/Sketches** |
| **School District** | CINCINNATI CSD | |
| **Appraisal Area** | **Land Use** | |
| 60201 - SILVERTON 01 | 510 - SINGLE FAMILY DWLG | |
| **Owner Name and Address** | **Mailing Name and Address** | |
| MCAFEE SHERRIE M 7063 LAKOTA RIDGE DR LIBERTY TOWNSHIP OH 45011 (call 946-4015 if incorrect) | MCAFEE SHERRIE M 7063 LAKOTA RIDGE DR LIBERTY TOWNSHIP OH 45011 (call 946-4800 if incorrect) | |
| **Assessed Value** | **Effective Tax Rate** | **Total Tax** |
| 39,440 | 85.884011 | $3,087.82 |
| **Property Description** | | |
| HIGHLAND AVE 40 X 150 ES HIGHLAND 370.80 FT S OF OAK | | |

| Appraisal/Sales Summary | |
|---|---|
| Year Built | 1932 |
| Total Rooms | 7 |
| # Bedrooms | 3 |
| # Full Bathrooms | 1 |
| # Half Bathrooms | 0 |
| Last Sale Date | 7/1/1989 |
| Last Sale Amount | $0 |
| Conveyance Number | 0 |
| Deed Type | WE - Warranty Deed (EX) |
| Deed Number | |
| # of Parcels Sold | 1 |
| Acreage | 0.147 |
| Front Footage | 0.00 |

| Tax/Credit/Value Summary | |
|---|---|
| Board of Revision | No |
| Rental Registration | No |
| Homestead | No |
| Owner Occupancy Credit | No |
| Foreclosure | No |
| Special Assessments | Yes |
| Market Land Value | 19,640 |
| CAUV Value | 0 |
| Market Improvement Value | 93,060 |
| Market Total Value | 112,700 |
| TIF Value | 0 |
| Abated Value | 0 |
| Exempt Value | 0 |
| **Taxes Paid** | $0.00 |
| Tax as % of Total Value | 2.579% |

Notes

**I Want To...**
Start a New Search
Email the Auditor
View the Online Help
Auditor's Home

**View:**
Property Summary
Appraisal Information
Levy Information
Transfer
Value History
Board of Revision
Payment Detail
Tax Distributions
Images
Special Assessment/Payoff
Tax Lien Certificates
CAGIS Online Maps
Aerial Imagery
Owner Names

**Print:**
Current Page
Property Report

Copyright © 2009-2017, DEVNET, Inc. All rights reserved.    Legal Disclaimer | Privacy Statement
wEdge version 4.0.6492.22689
Data updated: 2017/10/17

Exhibit F

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | **Sylvester L. Price** | |
| | First Name / Middle Name / Last Name | |
| Debtor 2 (Spouse if, filing) | **Sherrie M. Price** | |
| | First Name / Middle Name / Last Name | |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF OHIO | |
| Case number (if known) | | |

☐ Check if this is an amended filing

Official Form 106D
## Schedule D: Creditors Who Have Claims Secured by Property 12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**
☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.
■ Yes. Fill in all of the information below.

### Part 1: List All Secured Claims

**2. List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | *Column A* Amount of claim Do not deduct the value of collateral. | *Column B* Value of collateral that supports this claim | *Column C* Unsecured portion If any |
|---|---|---|---|---|
| **2.1** **Beneficial Mortgage Company of Ohio** Creditor's Name<br><br>2700 Sanders Road Prospect Heights, IL 60070<br>Number, Street, City, State & Zip Code | **Describe the property that secures the claim:**<br>**2nd Mortgage on: 6620 Highland Avenue Cincinnati, OH 45236 Currently vacant - to be listed for sale once renovation completed approx. June 2016**<br>As of the date you file, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $50,013.00 | $95,000.00 | $0.00 |
| Who owes the debt? Check one.<br>☐ Debtor 1 only<br>■ Debtor 2 only<br>☐ Debtor 1 and Debtor 2 only<br>☐ At least one of the debtors and another<br>☐ Check if this claim relates to a community debt | Nature of lien. Check all that apply.<br>■ An agreement you made (such as mortgage or secured car loan)<br>☐ Statutory lien (such as tax lien, mechanic's lien)<br>☐ Judgment lien from a lawsuit<br>☐ Other (including a right to offset) | | | |
| Date debt was incurred | Last 4 digits of account number 6387 | | | |
| **2.2** **GM Financial** Creditor's Name<br><br>P.O. Box 183583 Arlington, TX 76096<br>Number, Street, City, State & Zip Code | **Describe the property that secures the claim:**<br>**2014 Chevrolet Sonic**<br>As of the date you file, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $21,782.00 | $19,500.00 | $2,282.00 |
| Who owes the debt? Check one.<br>☐ Debtor 1 only<br>☐ Debtor 2 only<br>■ Debtor 1 and Debtor 2 only<br>☐ At least one of the debtors and another | Nature of lien. Check all that apply.<br>■ An agreement you made (such as mortgage or secured car loan)<br>☐ Statutory lien (such as tax lien, mechanic's lien)<br>☐ Judgment lien from a lawsuit | | | |

Official Form 106D     Schedule D: Creditors Who Have Claims Secured by Property     page 1 of 3

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | : | |
| | : | |
| **Sylvester L. Price** | : | **Case No.: 16-11430** |
| **Sherrie M. Price AKA Sherrie M.** | : | **Chapter 13** |
| **McAfee** | : | **Judge Jeffery P. Hopkins** |
| | : | * * * * * * * * * * * * * * * * * * * * * * * |
| **Debtor(s).** | : | |
| | : | |

**Exhibit G**

___

**RELIEF FROM STAY/ADEQUATE PROTECTION**
**EXHIBIT AND WORKSHEET REAL ESTATE**
**(For use as required by LBR 4001-1(a)(1))**

___

Real property address which is the subject of this motion: 6620 Highland Ave, Cincinnati, OH 45236

**DEBT/VALUE REPRESENTATIONS:**

| | | |
|---|---|---:|
| Total indebtedness of the debtor(s) as of November 24, 2017 (not to be relied upon as payoff quotation): | $ | 69,629.32 |
| Movant's estimated market value of the real property: | $ | 112,700.00 |
| Source of the estimated valuation:   the Hamilton County Auditor's tax record | | |

**STATEMENT OF ARREARAGE:**

| | | |
|---|---|---:|
| (1) As of petition filing date: | $ | 6,234.78 |
| Amounts paid after the date of filing to be applied to the prepetition default: | $ | |
| (2) Postpetition: | $ | 12,999.60 |
| (3) Monthly payment amount: | $ | 649.98 |
| (4) Date of Last Payment: | | |
| (5) Amount of Last Payment | $ | |

| | | |
|---|---|---:|
| # of payments due postpetition | 19 (as of November 24, 2017) | |
| # of payments received postpetition | | |
| # of payments in default postpetition | 19 | |
| Total amount of postpetition payments currently in default | $ | 12,349.62 |
| + Postpetition late charges | $ | 0.00 |
| + Other postpetition charges (describe) | $ | 0.00 |

17-035896_EJS1

| | | |
|---|---|---|
| Foreclosure title work | | |
| Filing fee | | |
| Skip trace | | |
| Document acquisition costs | | |
| Service Process server | | |
| Escrow Shortage (Amounts advanced on behalf of Debtor(s)) | | |
| Hazard Insurance | | Dates:_____ |
| Taxes | | Dates:_____ |
| Appraisal | | |
| BPO charges | | |
| Property Inspection | | |
| Other (Fees) | 0.00 | |

= Total Postpetition Arrearage $ 12,349.62

**OTHER LOAN INFORMATION:**

Date of the loan                1/9/02

Current interest rate           11.244%

Money paid to and held by the mortgagee but not applied to the loan $0.00; if held in the form of checks, balance of such checks $0.00, and identity of holder of the checks.

**REQUIRED ATTACHMENTS TO MOTION:**

(a) In a Chapter 13 case, a postpetition payment history;

(b) In all cases, copies of documents which indicate movant's interest in the subject property. For purposes of example only, a complete and legible copy of the promissory note or other debt instrument together with a complete and legible copy of the real estate mortgage should be attached. The mortgage should bear date stamps reflecting the recording date together with recording references reflecting the recordation of the mortgage with the appropriate county official. If the subject property is registered land, movant shall attach a copy of the registered land certificate or other documentation reflecting that the mortgage was memorialized as a lien on the registered land certificate.

This Exhibit and Worksheet was prepared by:

/s/ Adam B. Hall

Adam B. Hall (0088234)
Edward H. Cahill (0088985)
John R. Cummins (0036811)
Stephen R. Franks (0075345)
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH 43216-5028
Telephone: 614-220-5611

17-035896_EJS1

Fax: 614-627-8181
Attorneys for Creditor
The case attorney for this file is Adam B. Hall.
Contact email is abh@manleydeas.com

17-035896_EJS1

| Loan | Redacted | | | | | |
|---|---|---|---|---|---|---|
| BK Case | 16-11430 | | | * If prior than 12/2011 payment changes were | | |
| Filing Date | 4/15/2016 | | | not required to be filed with the courts or with | | |
| First Post pet date | 4/30/2016 | | | Proof of claim | | |
| Pmt Change Filed | Filed Date | Effective date | Amount | | | |
| POC pmt Fied | 7/18/2016 | 4/30/2016 | $649.98 | | | |
| Date Rcvd | Amount | | | Amount Due | Due Date | Suspense |
| | | | Due | $649.98 | 4/30/2016 | $ (649.98) |
| | | | | $649.98 | 5/30/2016 | $ (1,299.96) |
| | | | | $649.98 | 6/30/2016 | $ (1,949.94) |
| | | | | $649.98 | 7/30/2016 | $ (2,599.92) |
| | | | | $649.98 | 8/30/2016 | $ (3,249.90) |
| | | | | $649.98 | 9/30/2016 | $ (3,899.88) |
| | | | | $649.98 | 10/30/2016 | $ (4,549.86) |
| | | | | $649.98 | 11/30/2016 | $ (5,199.84) |
| | | | | $649.98 | 12/30/2016 | $ (5,849.82) |
| | | | | $649.98 | 1/30/2017 | $ (6,499.80) |
| | | | | $649.98 | 2/28/2017 | $ (7,149.78) |
| | | | | $649.98 | 3/30/2017 | $ (7,799.76) |
| | | | | $649.98 | 4/30/2017 | $ (8,449.74) |
| | | | | $649.98 | 5/30/2017 | $ (9,099.72) |
| | | | | $649.98 | 6/30/2017 | $ (9,749.70) |
| | | | | $649.98 | 7/30/2017 | $ (10,399.68) |
| | | | | $649.98 | 8/30/2017 | $ (11,049.66) |
| | | | | $649.98 | 9/30/2017 | $ (11,699.64) |
| | | | | $649.98 | 10/30/2017 | $ (12,349.62) |